| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>**Court Address:**<br>**7325 S. Potomac Street #100**<br>**Centennial, Colorado 80112** | DATE FILED: August 5, 2021 12:35 PM<br>FILING ID: FDD51A8416AC7<br>CASE NUMBER: 2021CV31347<br><br>▲COURT USE ONLY▲ |
|---|---|
| **Plaintiff:**<br><br>**MARGARITA PINKHASOVA**<br><br>v.<br><br>**Defendant:**<br>**COSTCO WHOLESALE CORPORATION a/k/a COSTCO COMPANIES INC.** | |
| **GALPERIN AND ASSOCIATES**<br>Jacob Galperin, #45625<br>3773 Cherry Creek North Drive, Ste. 701E<br>Denver, Colorado 80209<br>Telephone: (720) 501-3451<br>Fax Number: (720) 533-6222<br>E-mail: jg@galperinlegal.com | Case Number:<br><br>Div.: |
| **COMPLAINT WITH JURY DEMAND** ||

COME NOW Plaintiff, **Margarita Pinkhasova**, by and through her undersigned counsel, Galperin & Associates, for her **COMPLAINT** against the above-named Defendant, states and alleges as follows:

## PARTIES

1. Plaintiff Margarita Pinkhasova (hereinafter "Plaintiff") is a resident of the State of Colorado, County of Jefferson, and resides at 11891 East Arkansas Aveunue, Aurora, Colorado 80012.

2. At all times relevant hereto, Defendant is and was a foreign corporation formed and existing under the laws of the State of Washington. Defendant owns and operates a chain of grocery retail stores in the State of Colorado under the banner of Costco Wholesale, including Costco Wholesale #439 located at 1471 South Havana Street, Aurora, Colorado 80012. Costco Wholesale is a trade name registered in the State of Colorado by C T Corporation System, with its corporate headquarters located at 999 Lake Dr, Issaquah, WA 98027.

3. At all times relevant hereto, Defendant did own and operate a Costco Wholesale in 1471 South Havana Street, Aurora, Colorado 80012.

4. The State of Colorado Secretary of State website has the Registered Agent listed for Defendant as C T Corporation System 7700 East Arapahoe Road Suite 220, Centennial, Colorado 80112.

## VENUE

5. The Court has personal and subject matter jurisdiction over this action pursuant to C.R.S. section 13-1-124(1)(a-c).

6. Venue is proper in Arapahoe County, Colorado pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1-6 as if fully set herein.

8. At all times relevant hereto, Defendant did own, occupy, operate, manage, repair and/or exercise control over the premise, Costco Wholesale in 1471 South Havana Street, Aurora, Colorado 80012 (hereinafter "the Store").

9. At all times relevant hereto, Defendant was responsible for the condition of the Store premises and for the activities conducted or circumstances existing on or about the property of the Store.

10. On or about August 5, 2020, Plaintiff was lawfully shopping on the premises of the Store.

11. On or about August 5, 2020, Plaintiff was a customer transacting business on the premises of the Store.

12. While at the Store on or about August 5, 2020, Plaintiff slipped on a puddle of liquid that had spilled near the Return Counter of the Store.

13. Said liquid constituted a dangerous condition in the Store (hereinafter "Dangerous Condition").

14. On or about August 5, 2020, the liquid that had pooled on the floor, was next to the customer service/guest services department of Store.

15. At all times relevant hereto, Defendant had a duty to protect its customers from the Dangerous Condition in the Store.

16. At all times relevant hereto, Defendant had a duty to regularly inspect the Store for dangerous conditions.

17. At all times relevant hereto, Defendant failed to clean-up and/or remove the Dangerous Condition the Store.

18. At all times relevant hereto, Defendant failed to post caution signs warning of the Dangerous Condition in the Store.

19. As a direct and proximate result of Defendant's negligence, carelessness, unreasonable care, reckless and/or wrongful conduct, Plaintiff has suffered injuries, losses and damages.

20. At the time of and preceding the incident, none of the Plaintiff's conduct caused or contributed to the incident.

## **FIRST CLAIM FOR RELIEF**
**(Negligence against Defendant)**

21. Plaintiff hereby incorporates paragraphs 1-20 as if fully set forth herein.

22. On or about August 5, 2020, Defendant knew or should have known that the Dangerous Condition existed.

23. Defendant and/or its agents, servants and/or employees, owed a duty to Plaintiff to exercise reasonable care in the ownership, operation, maintenance, repair, management and/or control of the Store.

24. Defendant and/or its agents, servants and/or employees, breached the duty to Plaintiff to exercise reasonable care in the ownership, operation, maintenance, repair, management and/or control of the Store.

25. Defendant and/or its agents', servants' and/or employees', breach of duty caused Plaintiff's injuries.

26. Defendant and/or its agents, servants and/or employees, were responsible for causing the incident and resulting injuries to Plaintiff.

## **SECOND CLAIM FOR RELIEF**
**(Premises Liability against Defendant under C.R.S. § 13-21-115)**

27. Plaintiff incorporates paragraphs 1-26 as if fully set forth herein.

28. At all times relevant hereto, Defendant was a "landowner" of the Store within the meaning of C.R.S. § 13-21-115(1) and was legally responsible for the condition of the Store or for the activities conducted or circumstances existing at the Store premises.

29. At all times relevant hereto, Plaintiff was an invitee, as defined by C.R.S. § 13-21-115(5)(a), in that Plaintiff was at the Store to transact business in which all parties were mutually interested.

30. Defendant and/or its agents, servants and/or employees, knew or should have known about the Dangerous Condition on the Store premises.

31. Defendant and/or its agents, servants and/or employees, had a duty to exercise reasonable care to protect Plaintiff, an invitee, from the Dangerous Condition on the Store premises about which Defendant and/or its agents, servants and/or employees, knew or should have known, in violation of C.R.S. § 13-21-115.

32. Upon information and belief, Defendant and/or its agents, servants and/or employees had actual notice and knowledge of the Dangerous Condition on the Store premises because Defendant and/or its agents, servants and/or employees would have known of these conditions if Defendant and/or its agent, servants and/or employees had exercised ordinary care by properly monitoring and maintaining the Store premises.

33. Defendant and/or its agents, servants and/or employees, failed to exercise reasonable care with respect to the Dangerous Condition on the Store premises.

34. Defendant and/or its agents, servants and/or employees, failed to use reasonable care to protect Plaintiff against the Dangerous Condition existing on the Store premises.

35. Defendant and/or its agents, servants and/or employees, failed to post caution signs warning of the Dangerous Condition on the Store premises.

36. Defendant and/or its agents, servants and/or employees, failed to clean-up and/or remove the Dangerous Condition on the Store premises.

37. Defendant and/or its agents', servants' and/or employees', unreasonably failed to exercise reasonable care to protect Plaintiff against the dangers of which Defendant and/or its agents, servants and/or employees, actually knew or should have known in that Defendant and/or its agents, servants and/or employees, was then and there guilty of the following careless and negligent acts and/or omissions:

    i. Improperly operated, managed, maintained, and controlled the Store premises in failing to properly maintain the floor of the Store to be in a safe condition for those walking upon it;

    ii. Failed to warn the Plaintiff and other persons lawfully on the Store premises of the said Dangerous Condition when Defendant and/or its agents, servants and/or employees knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;

    iii. Failed to make a reasonable inspection of the Store premises when Defendant and/or its agents, servants and/or employees, knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

    iv.  Allowed the aforementioned Store premises to remain in a dangerous condition, making its grounds unfit for passage, for an unreasonable length of time; and

    v.  Was otherwise careless and negligent in the operation of the Store premises.

  38.  Defendant and/or its agents', servants', and/or employees' failure to use reasonable care caused Plaintiff's injuries.

  39.  Under C.R.S. 13-21-115(3)(c)(I), Plaintiff may recover for damages caused by Defendant's unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known.

  40.  As a direct and proximate result of Defendant and/or its agents', servants' and/or employees', aforesaid negligence, the Plaintiff has suffered injuries, losses and damages, including past and future medical expenses, past and future lost earnings, physical impairment, disfigurement, past and future pain and suffering, inconvenience, emotional stress, and impairment of the quality of life, all in amounts to be determined at the time of trial.

  41.  Pursuant to C.R.C.P. 338, Plaintiff hereby demands a trial by jury.

  WHEREFORE, Plaintiff prays that she recover of and from Defendant compensatory damages that she has suffered by virtue of the acts and omissions alleged above; for costs, witness fees, expert witness fees, interest as provided by the rules, laws or statutes; for attorney fees as may be allowed by order of this Court; for an amount which will reasonably compensate Plaintiff for her past and future economic losses, past and future medical expenses, past and future lost earnings, physical impairment, disfigurement, past and future pain and suffering, inconvenience, emotional stress, impairment of the quality of, injuries and/or disabilities; for an amount which will reasonably compensate Plaintiff for past and future pain, suffering, and loss of enjoyment of life and/or the capacity life; and for such other and further relief as shall be deemed just and proper by this Court.

  Respectfully submitted this 30th day of July 2021.

            **GALPERIN AND ASSOCIATES**

            *Original Signature on File at the Offices*
            *Of Galperin and Associates, PC*

            By: */s/ Jacob Galperin*
            Jacob Galperin, Esq. #45625
            **ATTORNEYS FOR PLAINTIFF**

Plaintiff's Address:
11891 East Arkansas Aveune,
Aurora, Colorado 80012.

*This Complaint was filed with the Court through the ICCES Electronic Filing Procedures, under C.R.C.P. 121, § 1-26. As required by those rules, the original signed copy of this Complaint is on file with Galperin & Associates, P.C.*